```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                           Alexandria Division


ROSE JAMES,                          )
                                     )
        Plaintiff,                   )
                                     )         1:07cv151 (JCC)
        v.                           )
                                     )
STRAYER UNIVERSITY,                  )
                                     )
        Defendant.                   )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons stated below, the Court will grant Defendant's motion.

### I.  Background

This case arises out of the termination of Plaintiff Rose James ("James") from her employment with Defendant Strayer University ("Strayer"). James worked for Strayer from 1991 until September 26, 2005, primarily as an admissions officer, although from mid fall of 2004 until April 20, 2005, James worked as a Retention Manager. Throughout 2005, James worked at the Arlington Virginia campus of Strayer under the direction of Dan Jackson ("Jackson") as Campus Director. As an admissions officer, James's job responsibilities included contacting persons with some interest in continuing their education and enrolling them at Strayer.

1

Strayer operates on a four-quarter academic year.  The Campus Director, who manages the non-academic activities of a Strayer Campus, including student enrollment, assigns a numerical "new student enrollment goal" to each admissions officer every quarter.  The principal evaluation of admissions officers' job performance is their ability to meet or exceed these quarterly goals, and admissions officers were frequently terminated if they repeatedly failed to meet their goals.

In August 2004, James McCoy ("McCoy"), a Strayer Regional Director supervising several campuses, made a statement relating to James that offended her ("the McCoy comment").  As a result of the remark, James filed an EEOC complaint for sexual harassment.  James never filed suit in the manner, although she received a "right to sue" letter from the EEOC.

In 2004, James sought treatment for anxiety and Post Traumatic Stress Disorder ("PTSD") as a result of the interaction with McCoy.[1]  Her doctor provided letters to James's employer stating that James was unable to work as a result of ongoing medical problems.  James took several weeks of sick leave in August and September of 2005.

James was terminated on September 23, 2005 while on sick leave.  The letter terminating James cites to poor job performance, failure to come close to meeting quarterly goals for

---

[1] The question of when James began treatment, what the treatment is for, and whether the Post Traumatic Stress Disorder first began in 2004 or years earlier is disputed.  For the purposes of this Motion, the Court will construe these disputed facts in favor of Plaintiff as non-moving party.

the first three quarters of 2005, and lack of improvement in those areas despite formal discussion regarding methods of improvement.  Def.'s Mot. for Summ. J. Ex. I.

On February 16, 2007, James filed suit against Strayer, alleging that Strayer terminated her for seeking accommodations for her disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.S. § 12101 et seq, and in retaliation for her filing an EEOC sexual harassment charge against McCoy, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.  On October 30, 2007, Strayer filed a Motion for Summary Judgment.  This Motion is before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  The party seeking summary judgment has the initial burden to show the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson* 477 U.S. at 248.

3

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. A "mere scintilla" of evidence is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 248-52. Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

**A) <u>ADA Wrongful Discharge Claim</u>**

In order to establish a prima facie wrongful discharge claim under the ADA, a plaintiff must show that (1) she was a qualified individual with a disability; (2) she was discharged; (3) she was fulfilling her employer's legitimate expectations at

the time of discharge; and (4) the circumstances of her discharge raise a reasonable inference of unlawful discrimination. *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 n.9 (4th Cir. 2004)(internal citations omitted).

    1) <u>Demonstrated Disability</u>

The first prong for a wrongful discharge claim requires Plaintiff to demonstrate that she is disabled.  Under the ADA, an individual is disabled if she "(A) [has] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) [has] a record of such an impairment; or (C) [has been] regarded as having such an impairment." 42 USCS § 12102(c).  Each of these factors will be considered by the Court to determine if Plaintiff has demonstrated that she was disabled under the ADA.

    a) <u>Substantially Limits Life Activity</u>

The Supreme Court has identified a three step process based on the ADA definition of disability: first, the Court is to look at whether the plaintiff suffered from a physical or mental impairment; then it is to "identify the life activity upon which respondent relies . . . and determine whether it constitutes a major life activity under the ADA;" and thirdly, the Court is to determine "whether the impairment substantially limited the major life activity." *Bragdon v. Abbott*, 524 U.S. 624, 630 (U.S. 1998): *see also Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 641 (2d Cir. 1998).

5

Plaintiff asserts that she suffers from PTSD, a mental impairment, which limits her work abilities. Because this is a Motion for Summary Judgment, the Court will view the facts in the light most favorable to the Plaintiff, as non-moving party, and proceed assuming that Plaintiff does suffer from PTSD. The Plaintiff relies upon the life activity of work, a major life activity under the ADA, to demonstrate impairment. *Foore v. Richmond*, 6 Fed. Appx. 148, 153 (4th Cir. 2001). The Court will therefore continue to the third step and consider if Plaintiff's work was "substantially limited" by her PTSD.

Defendant denies that Plaintiff is limited in her ability to work because, on her own testimony, she was capable of performing the role of admissions officer, and her coworkers did not consider her ability to work limited. Mem. in Supp. of Pl.'s Mot. For Summ. J. at 9, 12. Plaintiff counters that her need for sick leave demonstrates the disability's effect on her daily life, including her ability to work. Additionally, she argues that her failure to adequately perform her job is itself evidence of her disability. However, in order to succeed on her claim of disability, Plaintiff must demonstrate that she is "regarded as unable to perform a class of jobs utilizing [her] skills," not just that she is unable to perform one particular job. *Murphy v. United Parcel Service*, 527 U.S. 516, 524 (U.S. 1999); *see also Foore*, 6 Fed. Appx. at 153.

Plaintiff is currently employed in the field of college

administration.  Plaintiff argues that the new job is not similar to the old because her current administrative position is in a college that is not a for-profit institution, does not include online college sites, and provides a smaller salary and fewer benefits than she received from Defendant.  However, the job is still that of college administration, and is certainly similar enough to be considered within "a class of jobs or a broad range of jobs in various classes" obtainable by "the average person having comparable training, skills and abilities."  *Id.*(quoting 29 C.F.R. § 1630.2(j)(3)(I)).

For these reasons, even viewing the facts in the light most favorable to Plaintiff, she has failed to demonstrate that she her PTSD substantially limits her ability to work in a broad range of jobs that others with comparable training and skills would be able to obtain.

### b) Record of Impairment

In the context of determining if a party suffers a disability within the meaning of the ADA, courts have held that "a plaintiff has a record of impairment if he 'has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.'" *Foore,* 6 Fed. Appx. at 153 (quoting  29 C.F.R. § 1630.2(k)); *see also, e.g., Swindell v. England*, 2006 U.S. Dist. LEXIS 96612, 21-23 (D.N.C. 2006); *Thompson v. Catenary Coal Co.*, 2003 U.S. Dist. LEXIS 20304, 18-19 (D. W. Va. 2003).  Plaintiff

has offered no medical record of impairment other than generic doctor's notes requesting sick leave, notes that include no indication of diagnosis or symptoms.  Pl.'s Opp. Ex. 5.  She contends that the lack of documentation is due to Defendant's failure to request medical record of impairment.  However, Defendant has provided for the record a letter from Plaintiff's doctor stating that Plaintiff had been treated "for anxiety which was exacerbated by an event at work," and that she "suffers from chronic anxiety and panic disorder" with "a history of having post-traumatic stress disorder diagnosed in the past."  Def.'s Mot. for Summ. J. Ex. K.

     Mere receipt of medical treatment, not accompanied by a showing that the condition for which the patient was treated substantially limits a major life activity, is not sufficient to create a record of impairment under the ADA.  *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 513 (3d Cir. 2001)("A plaintiff attempting to prove the existence of a 'record' of disability still must demonstrate that the recorded impairment is a 'disability' within the meaning of the ADA."); *see also Tozzi v. Advanced Med. Mgmt., Inc.*, 2001 U.S. Dist. LEXIS 17910 (D. Md. 2001) ("[M]ere hospitalization does not create a record of impairment necessary to satisfy § 12102(2)(B). Rather, a plaintiff must show that the condition for which he or she was hospitalized substantially limited a major life activity."); *Parker v. Montgomery County Sch.*, 1999 U.S. Dist. LEXIS 22210,

48-51 (D. Md. 1999)("The 'record of impairment' standard is satisfied only if a plaintiff actually suffered a physical impairment that substantially limited a major life activity.")(internal citation omitted).  The Court finds that Plaintiff has failed to demonstrate any record of disability under the ADA.

          c) <u>Regarded as Impaired</u>

The third factor used to determine whether an employee has a disability is whether that employee is "regarded as having such an impairment." 42 USCS § 12102(c).  The Supreme Court has held that an employee is regarded as impaired by an employer if the employer (1) "mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities," or the employer (2) "mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines*, 527 U.S. 471, 489 (U.S. 1999).

Defendant denies that it, or any of its employees, had any knowledge of any possible disability afflicting Plaintiff, and did not believe she had any impairment.  Plaintiff sets forth contrary assertions: both that she "did not announce her medical conditions to the staff of Strayer University," Pl.'s Opp. at 11, and that she informed Jackson that she "was receiving weekly therapy for Post Traumatic Stress Disorder/Syndrome," in response to which he stated "that if [Plaintiff] worked harder [she] would

not have time to have 'mental problems.'" *Id.* at 8.  Jackson's statement, although demonstrating awareness of Plaintiff's treatment, suggests that he, as her supervisor, had absolutely no belief that Plaintiff's life activities were restricted or limited by PTSD.  It is clear to the Court that Defendant did not regard Plaintiff as having an impairment under the ADA.

In order to succeed on a wrongful discharge claim, Plaintiff must demonstrate that she is disabled.  Even viewing the facts in the light most favorable to Plaintiff, she has failed to demonstrate that she suffered from a disability within the meaning of the ADA: she has not shown that she suffers from an impairment that substantially limits her ability to work in her field, that there is any record of such an impairment, or that her employer ever regarded her as having an impairment.

2) Employer's Expectations

Even if Plaintiff were to be considered disabled under the ADA, she must also demonstrate the other three factors in order to establish a wrongful discharge claim.  Plaintiff was unquestionably discharged.  However, she was not fulfilling her employer's legitimate expectations at the time of discharge.

Internal memorandum and job performance reviews are considered persuasive by courts in determining whether an employee was meeting an employer's expectations. *See, e.g., Ennis v. National Ass'n of Business & Educ. Radio*, 53 F.3d 55, 61 (4th Cir. 1995)(district court erred in concluding Plaintiff had

10

provided enough evidence for a prima facie case of discrimination when the record of reviews and memorandum demonstrated otherwise). In this case, Defendant has provided significant evidence that Plaintiff continually failed to meet her quarterly new student enrollment goals, that her job performance was ranked worst among her co-worker peers despite her greater experience, and that her work was so unsatisfactory that she received formal Performance Improvement Plans from her supervisors highlighting the deficiencies in her job performance and suggesting ways in which she could improve. Def.'s Mot. for Summ. J. Ex. A, N. The evidence is overwhelming that Plaintiff failed to meet her employer's legitimate job expectations.

Plaintiff has not provided evidence demonstrating either that she is disabled within the meaning of the ADA nor that she was fulfilling her employer's legitimate expectations when she was terminated. Therefore, Defendant is entitled to Summary Judgment on her claims for wrongful discharge under the ADA.

### B) Title VII Retaliation Claim

An employee must establish three factors in order to make out a prima facie case of retaliation under Title VII: (1) that the employee "engaged in a protected activity"; (2) that the "employer took an adverse employment action against [her]; and (3) that a causal connection existed between the protected activity and the asserted adverse action." *King v. Rumsfeld*, 328

F.3d 145, 150-151 (4th Cir. 2003)(citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1999)).  Filing of her sexual harassment complaint, the action Plaintiff alleges led to her discharge, is considered engaging protective activity, and her later termination is adverse employment action.  *Id.*  Therefore, in order to survive a motion for Summary Judgment, Plaintiff must demonstrate a causal connection between the filing of the complaint and her termination, more than a year later.

      Defendant has put forth evidence that McCoy, the subject of the sexual harassment charge, had nothing to do with the decision to terminate Plaintiff.  Defendant's affidavits demonstrate that the termination decision followed the normal organizational procedure.  In addition, Defendant points out that Plaintiff had not brought a sexual harassment suit in the more than a year since she filed an EEOC complaint and it was dismissed, providing little motivation for Defendant to retaliate through termination.  Plaintiff has presented no evidence in support of a causal connection between her complaint and her termination beyond her assertion that "[t]he termination was clearly in a retaliatory manner as McCoy was the regional director for the defendant's Virginia campuses" and that "[h]e clearly approved her termination as he was motivated by the charges filed in 2004."  Pl.'s Opp. at 2.  However, Plaintiff, as nonmoving party, "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon

another. *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (citing *Barwick v. Celotex Corporation*, 736 F.2d 946, 963 (4th Cir. 1984)).  Without any evidence beyond mere speculation or inference, Plaintiff cannot prevail on a motion for summary judgment.  She has failed to demonstrate any facts or evidence beyond conjecture that demonstrate even the slightest hint of a causal connection between her sexual harassment claim and her termination.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment will be GRANTED.

An appropriate Order will issue.

November 27, 2007                             /s/
Alexandria, Virginia              James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE